IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SHAUNA BARTON                                                    PLAINTIFF

V.                                      NO. 12-2257

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Shauna Barton, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for DIB on March 3, 2010, alleging an inability to work since February 12, 2009, due to "Back & neck surgery due to car accident 12/30/08(pain)." (Tr. 126-129, 146, 150). For DIB purposes, Plaintiff maintained insured status through December 31, 2014. (Tr. 146). An administrative hearing was held on May 3, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 32-68).

By written decision dated May 16, 2011, the ALJ determined that Plaintiff had the

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

following severe impairments - degenerative disk disease of the lumbar and cervical spine.  (Tr. 14).  The ALJ found that from February 12, 2009 through September 29, 2010, Plaintiff was disabled within the meaning of the Act. (Tr. 17). The ALJ determined that on September 30, 2010, a medical improvement occurred that related to Plaintiff's ability to work, and that Plaintiff's disability ended. (Tr. (Tr. 20). After reviewing all of the evidence presented, the ALJ determined that beginning on September 30, 2010, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found that on September 30, 2010, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant is only occasionally able to climb, bend, stoop, kneel, crouch, crawl, and reach overhead bilaterally.

(Tr. 17). With the help of a vocational expert (VE), the ALJ determined that beginning on September 30, 2010, Plaintiff was capable of performing past relevant work as a kindergarten teacher, preschool teacher, and substitute teacher. (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 30, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 10, 11).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

AO72A
(Rev. 8/82)

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**IV.    Discussion:**

Plaintiff raises the following issues on appeal: 1) the ALJ made an improper step-two finding; 2) the ALJ made an improper credibility determination; 3) the ALJ made an improper RFC determination; and 4) Plaintiff cannot return to her past relevant work. (Doc. 10).

**A.    Step-Two Finding:**

Plaintiff contends the ALJ should have found her pain to be a severe impairment. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989).

In this case, the ALJ found that from February 12, 2009 through September 29, 2010,

Plaintiff's statements concerning the limiting effects of her symptoms were generally credible, and discussed the surgeries Plaintiff underwent. (Tr. 15).   In making his RFC finding for the time period from February 12, 2009 through September 29, 2010, the ALJ found that "due to pain and medication side effects, the claimant was markedly limited in her ability to concentrate, persist, and maintain pace." (Tr. 15).  Clearly, the ALJ considered Plaintiff's pain.  In addition, the ALJ thoroughly addressed Plaintiff's pain after September 30, 2010. (Tr. 18-19). Furthermore, even if it was error for the ALJ to exclude Plaintiff's pain as a severe impairment, the error is harmless. "[A]n ALJ's failure to find a particular impairment severe does not require reversal where the ALJ considers all of a claimant's impairments, severe and non-severe, in his or her subsequent analysis." Bryant v. Astrue, No. 4:12-CV-177-SPM, 2013 WL 571761 at *4 (E.D. Mo., Feb. 13, 2013).  Here, the ALJ considered all of Plaintiff's limitations, including pain, in his analysis after Step Two. (Tr. 18).  Id. at *5.

With respect to Plaintiff's allegations of depression, the ALJ found Plaintiff's alleged attention deficit disorder and depression were non-severe, as there was no indication in Plaintiff's treatment records that she experienced significant limitations secondary to any alleged mental impairment. (Tr. 15).

The Court finds, based on the well-stated reasons outlined in Defendant's brief, that Plaintiff's argument is without merit, and that there is substantial evidence of record to support the ALJ's determination of severe impairments.

**B.     Credibility Determination:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily

AO72A
(Rev. 8/82)

activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

Based upon the record as a whole, the Court finds that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors; and that there is substantial evidence to support the ALJ's credibility findings.

### C.    RFC Determination:

RFC is the most a person can do despite that person's limitations.  20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir.

-6-

2003).  "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

In this case, the ALJ concluded that beginning on September 30, 2010, Plaintiff had the RFC to perform light work with certain postural limitations. (Tr. 17-18).  In making this finding, the ALJ considered Plaintiff's description of her limitations, the fact that Dr. Arthur Johnson, Plaintiff's neurosurgeon, had released Plaintiff back to work and lifted all restrictions, Dr. Cathy Luo's reports and findings, the State agency medical consultant's April 2010 assessment, and diagnostic imaging records.  (Tr. 19-20).

The Court finds, based upon the well-stated reasons outlined in Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.   The ALJ set forth the reasons for the weight given to the medical opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012)("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). Based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's RFC determination for the relevant time period.

**D.    Past Relevant Work:**

Plaintiff contends that she is unable to return to her past relevant work, and the ALJ erred in concluding such.  At the hearing, the ALJ gave the following hypothetical question to the ALJ:

> Let me ask you to consider someone of the claimant's same age, education and work experience, who can do no more than light work, who can occasionally climb ramps or stairs, occasionally climb ladders, ropes, or scaffolds, occasionally balance, stoop, kneel, crouch, or crawl, occasional overhead reaching bilaterally. Could a person with those limitations perform any of the claimant's past work?

-7-

(Tr. 64).  In response, the VE testified that the person would be able to do all of her past relevant work. (Tr. 64).

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the VE fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole, for the time period beginning on September 30, 2010.  Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court finds that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a kindergarten teacher, preschool teacher, and substitute teacher during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

IV.     **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits beginning on September 30, 2010, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's complaint should be dismissed with prejudice.

DATED this 18th day of November, 2013.

/s/ *Erin L. B Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)